UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

VICTOR PERKINS

        Plaintiff

                                      Complaint

           -Against-

                           Case: 1:22−cv−03506 JURY DEMAND
                           Assigned To : Nichols, Carl J.

GEORGE WASHINGTON UNIVERSITY HOSPITAL.    Assign. Date : 11/15/2022
                          Defendant(s).    Description: Pro Se Gen. Civ. (F-DECK)

Plaintiff Victor Perkins complaining of the defendant via *pro se*. Respectfully alleges upon information and belief as follows:

## INTRODUCTION STATEMENT

1.) Plaintiff Victor Perkins brings this action under 42 U.S.C. sec. 1983 seeking compensatory and punitive damages for the deprivation of rights in the defendant fraudulent concealment of his injury on May 6, 2020.

2.) On November 7, 2009, the plaintiff suffered an injury during an assault by correctional officers at Great Meadow Correctional Facility. In which nine days after said assault Dr. Rubinovich performed open surgery at Rome Memorial Hospital on November 16, 2009, thus both entities fraudulently concealed the injury not only for themselves but for the state, which is the same injury the defendant fraudulently concealed eleven (11) years later on May 6, 2020. Moreover, the defendant actions on May 6, 2020, were intentional, reckless, and at the behest of the state. All in which, respectively violated the plaintiff's civil rights without just cause, causing him to suffer emotional and physical pain in the past, present, and for the foreseeable future.


RECEIVED
Mail Room

NOV 15 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

<u>JURIDICTION AND VENUE</u>

3.) The court has jurisdiction over the plaintiff's claims under 42 <u>U.S.C.</u> sec. 1983, pursuant to 28 <u>U.S.C.</u> sec. 1331, 1343, (3) and (4) 2201.

4.) The court has supplemental jurisdiction over the plaintiff state law claims pursuant to 28 <u>U.S.C.</u> sec. 1367.

5.) Venue is appropriate in this district as the cause of action occurred in the District of Columbia.

<u>INTRODUCTION</u>

6.) As of November 7, 2009, Correctional Officers J. Saunders, J. Serrell, M. Brockley and Sgt. C. Fraser assaulted and battered the plaintiff at Great Meadow Correctional Facility in the state of New York. Which, caused, plaintiff to suffer a fracture to his medial malleolus bone. See exhibits A-1, A-1-2, A-2, A-3, B-1, B-1-2, B-1-3, H-2, and I-1.

7.) As a result of said, open surgery was performed on the plaintiff's lower left extremity at Rome Memorial Hospital by Dr. Rubinovich on November 16, 2009. In which, the Hospital, and Doctor fraudulently concealed the actual injury caused to the plaintiff via the state conduct on 11/7/2009. See exhibit B-3.

8.) At this time Rome Memorial Hospital, and Dr. Rubinovich had informed the plaintiff via the November 16, 2009, operative report and December 24, 2009, radiology imaging, that two screws, with washers had been drilled into his medial Malleolus bone pinning said bone back onto his tibia bone. See exhibits B-3, and F-1. Which is/was false, due to the removal of the bone and its replacement with two screws with washers, a plate, and pins. See tourniquet site on exhibit D-2.

9.) On September 17, 2012, while housed at Southport Correctional Facility the plaintiff a received a medical document from Rome Memorial Hospital which stated that Screws, washers, a plate and pins are/were placed in his lower left extremity during surgery on November 16, 2009. See tourniquet site on exhibit D-2, also see exhibits C-2.

10.) So, on September 23, 2012, the plaintiff summitted a grievance to the IGRC detailing the content of the document he received from Rome Memorial Hospital on 10/17/2012. Though in its response the state intentionally misinformed the plaintiff as to what was taken out and put in his ankle on November 16, 2009. See exhibits C-2, C-3, D-1, and D-2.

11.) On October 13, 2012, the plaintiff applied pressure to what appeared to be his medial malleolus bone. At which time said bone began to indent, at which time the plaintiff became aware of the actual injury the state caused to him on November 7, 2009. See exhibit H-1.

12.) So, on October 16, 2012, the plaintiff summitted yet another grievance (as to the extent of his injury) which detailed the incident that occurred on October 13, 2012. Though was informed, by IGRC and CORC "if he wants any information on his injury, he is to contact Rome Memorial Hospital." See exhibits D-3, and E-1.

13.) Both on May 12, 2013, and on February 3, 2014, the plaintiff contact Rome Memorial Hospital requesting that the hospital release the facts of his actual injury, and in both its responses the hospital sent plaintiff exhibit B-3 which a representation made as to a material fact, that is false. See exhibits E-2, and E-3.

14.) Note, six days after plaintiff's release from Department of Corrections and Community Supervision for the state of New York, an x-ray (see exhibit F-1) was taken of his left ankle at Rochester General Hospital on April 20, 2016, and the image the hospital displayed was no other than the fraudulent image the hospital and the state, had administered and displayed to the plaintiff during incarceration on the injury. As such, said case is pending, case No. 6:2021-cv-06690. See exhibits F-1, and F-2-2.

15.) Eleven days after the plaintiff's release from the Department of Corrections and Communication supervision for the state of New York. Once more He contacted Rome Memorial Hospital as of April 25, 2016, requesting that the hospital release the facts as to his actual injury, and yet again the hospital sent a CD disc which contained a representation made as to a material fact that was false. See exhibits F-3, G-1, and H-3.

16.) At this time, Highland Hospital a hospital which treated the plaintiff's injury from 2017 until he relocated to Washington DC in 2019, (See exhibits J-2) took an x-ray of said injury on October 20, 2017, which image displayed was no other than the fraudulent image the state had displayed and administered to plaintiff during his incarceration on the injury. As such, said case is pending, case No. 6:22-cv-06055. See exhibit F-1.

17.) On May 18, 2018, Strong Memorial Hospital took an x-ray of the plaintiff's lower left extremity which image no other than the fraudulent image the state had displayed and administered to the plaintiff during his incarceration on the injury. Thus, said case is pending, case No. 6:22-cv-06124. See exhibit F-1.

18.) Note, in May of 2019 the plaintiff moved from the state of New York to Washington D.C. and On May 6, of 2020, an x-ray was taken of his lower left extremity at George Washington University Hospital, and once again the image was no other than the fraudulent image the state had displayed and administered to the plaintiff during his incarceration on the injury. See exhibits F-1, and G-3.

19.) The November 16, 2009, operative report as well as the December 24, 2009, x-ray image is false, and D-2, and H-1, is proof that both reports are false and that there are two (2) sets of medical records on the plaintiff's injury. Note, exhibits A-1, and F-1 states and show of two (2) with washers being placed in the plaintiff's lower left extremity during plaintiff's surgery on November 16, of 2009.

20.) Then there's exhibits D-2 and H-1, in which D-2 states that two (2) screws, washers, a plate, and pins was placed in the plaintiff's lower left extremity on the day of his surgery back on November 16, 2009, thus the indent shown in exhibit B-2 is caused by the plate that's indicated in exhibit D-2.

21.) Moreover, plaintiff contends that not the defendant but the Department of Corrections and Community Supervision for the state of New York. Is whom caused his injury and were the only ones who sought to gain from the fraudulent concealment of the actual injury caused to him on 11/7/2009.

22.) Which the evidence shows clearly that (1) the state caused and fraudulently concealed the plaintiff's injury, (2) the defendant fraudulently concealed that same injury eleven years later on May 6, of 2020, and (3) the plaintiff complained of said injury from 2009 to 2020. See exhibits F-2-3, F-2-4, and G-2.

23.) Thus, it is plausible that any facts linking the defendant to state actor is/was concealed within the medical records along with the plaintiff's actual injury. Insofar, the plaintiff is Referring, that the only way the state

could have communicated any encouragement to the defendant for the defendant to fraudulently conceal his injury would have been via the medical records.

24.) And had the defendants release said facts on May 6, of 2020, action would have then commenced against the state for the cause of plaintiff's actual injury, as well as commenced against Rome Memorial Hospital, Dr. Rubinovich, Rochester General Hospital, Highland Hospital, and Strong Memorial Hospital for their fraudulent concealment of the same injury. Thus, the actions of the defendant on May 6, of 2020, prevented the plaintiff for filing suit against said entities in a timely fashion. Thus, the defendants are liable for said injury from the time in which the plaintiff discovered his injury on October 13th of 2012 up to the day in which the defendant fraudulently concealed said injury on 5/6/2020. See exhibits G-3, and G-3.

25.) The plaintiff alleges also that said injury is an injury whereas a limb was lost and that because of said lost. He can no longer jump without pain, run without pain, walk nor stand for more than two (2) hours without pain, and can't lift over fifty pounds without pain. All in which, his suffering has been from 2009 until the present day, which stems from the state cause, and fraudulent concealment of said injury both on 7th and 16th days in November of 2009, coupled with the defendant fraudulent concealment of the same injury on 5/6/2020.

26.) Therefore, for the reasons stated in this complaint the plaintiff contends that the defendant fraudulent concealment of his injury on May 6, of 2020, violated his fourteenth Amendment right pursuant to 42 U.S.C. Sec. 1983, caused him to suffer intentional infliction of emotional distress, was fraudulent, and of deliberate indifference to a serious medical need. All in which the defendant acted on behalf of the state.

AS AND FOR A FIRST CAUSE OF ACTION

VIOLATION OF CIVIL RIGHT

27.) Plaintiff repeats and reiterates all the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.) As a direct and proximate result of the defendant's actions, plaintiff was deprived of rights, privileges, and immunities secured to him under the constitution and laws of New York and the United States, including but not limited to his right under the fourteenth Amendment and 42 U.S.C. 1983 to be secure in their person, to be free from intentional infliction of emotional distress, fraud, and deliberate indifference without due process and to equal protection under the law.

29.) As a result of the aforesaid violation of plaintiff's right the plaintiff sustained injuries and damages previously described in this complaint.

30.) As a result of the forgoing, plaintiff seek compensatory damages and punitive damages in the amount of that exceed the maximum jurisdiction of this court from the defendant.

AS AND FOR A SECOND CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.) Plaintiff repeats and reiterates all the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.) The actions of the defendants in fraudulently concealing the plaintiff's injury were outrageous, and extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized society.

33.) As a result of the foresaid, plaintiff sustained injuries and damages previously described in this complaint.

34.) As a result of the foregoing, plaintiff seeks compensatory and punitive damages in the amount that exceeds the maximum jurisdiction of this court from the defendant.

AS AND FOR A THRID CAUSE OF ACTION

FRAUD

35.) Plaintiff repeats and reiterates all the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.) As of May 6, 2020, the defendant made a material representation, of fact, which was false, and made with knowledge of its falsity with the intent to deceive which the plaintiff rightfully relied on and in the ignorance of its falsity was caused to suffer injury.

37.) As result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

38.) As a result, of foregoing, plaintiff seeks compensatory and punitive damages in the amount that exceeds the maximum jurisdiction of this court from the defendant.

AS AND FOR A FOURTH CAUSE OF ACTION
DELIBERATE INDIFFERENCE

39.) Plaintiff repeats and reiterates all the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.) The defendant acted with deliberate indifference, in fraudulently concealing the plaintiff's injury, knowing its conduct could create a substantial risk of serious harm to the plaintiff's health and safety, still disregarded plaintiff adequate medical care for a serious medical need.

41.) As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

42.) As a result of the foregoing, plaintiff seeks compensatory and punitive damages in the amount that exceeds the maximum jurisdiction of this court from the defendant.

WHEREFORE, Plaintiff Victor Perkins demands compensatory and punitive damages in the amount that exceeds the maximum jurisdictional amount from the defendant in each of the four causes of actions, along with attorney fees together with the cost and disbursement of this action.

Date: 11/13/2022.

District of Columbia
Signed and sworn to (or affirmed) before me on
11/14/2022 by VICTOR PERKINS
Date        Name(s) of Individual(s) making statement

Signature of Notarial Officer
LONGINUS NDUKWIZA
Title of Office
My commission expires: 01/14/2023