UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

VICTOR PERKINS

              Plaintiff                             Amended Complaint

                                                      Case No. 1:22-cv-03506

-Against-

GEORGE WASHINGTON UNIVERSITY HOSPITAL.

                             Defendant(s).

Plaintiff Victor Perkins complaining of the defendant by way of *pro se*. Respectfully alleges upon information and belief as follows:

<u>INTRODUCTORY STATEMENT</u>

1.) This is a civil rights action in which the plaintiff seeks relief for the defendant George Washington University Hospital violation of his rights secured by 42 <u>U.S.C.</u> sec. 1983 and the fourteenth Amendment to the United States Constitution. The claims arise from an injury in which the Department of Corrections and Community Supervision for the state of New York, among other things, caused to the plaintiff on November 7, 2009, in which it fraudulently concealed the fact of said injury on November 16, 2009. And this, is the same injury in which the defendant George Washington University Hospital represented with a false statement eleven years after on May 6, 2020. All of which, violated the plaintiff's civil rights without just cause, causing him to suffer emotional and physical injury in the past, present, and for the foreseeable future.



<u>JURIDICTION AND VENUE</u>

2.) The court has jurisdiction over the plaintiff's claims under 42 <u>U.S.C.</u> sec. 1983, pursuant to 28 <u>U.S.C.</u> sec. 1331, and 1343, (3).

3.) The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 <u>U.S.C.</u> sec. 1367.

4.) Venue is appropriate in this district as the cause of action occurred in the District of Columbia.

<u>INTRODUCTION</u>

5.) On or about November 7, 2009, plaintiff was an inmate at Great Meadow Correctional Facility in the state of New York and on said date he was assaulted by Correctional officers and as a result of said the plaintiff suffered a fracture to his left medial malleolus bone. See facility medical reports ex: B-4, ex: B-5, ex: B-6, see also Inspector General's Office report Interview ex: B-7.

6.) On or about November 16, 2009, the plaintiff was taken from Great Meadow Correctional Facility to Rome Memorial Hospital where Dr. Rubinovich performed open reduction with internal fixation surgery on the plaintiff's lower left extremity. See operative report ex: B-3.

7.) And on or about said date Dr. Rubinovich removed the plaintiff's medial malleolus bone and replaced said bone with two 4-0 cannulated screws with washers drilled from his medial malleolus area through his talus bone to his fibula bone the plate was placed over the screws and pins were pinned through the plate into tibia bone to keep the plate in place.

8.) Although, Dr. Rubinovich states in the operative report <u>See operative report ex B-3,</u> that he had only used two 4-0 cannulated screws with washers to pin the plaintiff's medial malleolus bone back onto his lower left tibia bone during surgery at Rome Memorial Hospital as of November 16, 2009, for the injury caused to the plaintiff by the state on November 7, 2009, and this was a lie.

9.) Because approximately three years after the plaintiff's surgery on September 17, 2012, he received medical information in a medical report <u>see tourniquet site on operative report ex: D-2, also CSW on said rpt. Is an abbr. for Cannulated screws with washers,</u> which stated that Dr. Rubinovich placed two 4-0 cannulated screws with washers, a plate and pins in his ankle at Rome Memorial Hospital on November 16, 2009, for the injury the plaintiff suffered via the state's conduct on 11/7/2009. At which time, the plaintiff became aware of how much hardware Dr. Rubinovich had placed in his ankle on the day of his surgery.

10.) On or about September 23, 2012, the plaintiff submitted a grievance to the grievance committee see inmate grievance ex: C-3, at Southport Correctional Facility detailing the content of the medical report he received from Rome Memorial Hospital on September 17, 2012. Thus, the facility lied in its response in informing the plaintiff that there was no plate placed in his ankle during surgery on 11/16/2009, see IGRC response ex: D-1, and that the only hardware placed in his left ankle during surgery at RMH on 11/16/2009, were the two 4-0 cannulated screws with washers, as indicated in the false statement, in operative report B-3.

11.) On or about October 13, 2012, the plaintiff was an inmate housed in Southport Correctional Facility in the state of New York and on said date he exerted pressure to what appeared to be his medial malleolus bone and upon the exertion of said pressure his medial malleolus area began to indent See exhibit H-1, at which time, the plaintiff became aware of the actual injury caused to him at Great Meadow Correctional Facility on November 7, 2009.

12.) So, on or about the 16th day of October in 2012, the plaintiff summitted a grievance to the grievance committee at Southport Correctional Facility see inmate grievance ex: D-3, detailing the discovery of his injury, which said facility in its response informed the plaintiff that "if he wants any information on his injury, he is to contact Rome Memorial Hospital. See IGRC response ex: E-1.

13.) On or about the 6th day of May in 2020, an x-ray was taken of the plaintiff's lower left extremity at George Washington University Hospital. See the defendant radiology image ex: G-3.

14.) And on or about this date, while the plaintiff was under the care of the defendant said defendant made a false statement of a material fact, while knowing it to be false, made the statement with the intent to deceive the plaintiff thus causing the plaintiff to suffer injury. see paragraph 8 of the amended complaint.

15.) Note, the plate and pins that are mentioned in the November 16, 2009, operative report D-2, are material facts that Dr. Rubinovich concealed from the plaintiff during his surgery at Rome Memorial Hospital on November 16, 2009. See tourniquet site on operative report D-2.

16.) Which is the same plate and pins the defendant George Washington University Hospital concealed from the plaintiff in the false statement it made of his injury on May 6, 2020, all of which, the defendant misconduct was instigated by the injury Correctional officers caused to the plaintiff at Great meadow Correctional Facility on November 7, 2009.

17.) As such, the radiology image, the state made of the plaintiff's injury at Elmira Correctional Facility on August 10, 2010, <u>See the state radiology image ex: F-1</u> is a duplicate of the false statement <u>See the states operative report ex: B-3</u> Dr. Rubinovich made of the plaintiff's injury during his surgery at Rome Memorial Hospital on November 16, 2009. For said injury the state caused to the plaintiff on November 7, 2009.

18.) And this same F-1 radiology image is the same false statement depicted in the radiology image the defendant George Washington University Hospital made of the plaintiff's injury on May 6, 2020. See the defendant radiology image ex: G-3, also see the state's radiology image ex: F-1.

19.) The plaintiff further avers that his medial malleolus bone was removed and that the removal of said bone was left out of the operative report Dr. Rubinovich made of his injury during surgery at Rome Memorial Hospital on November 16, 2009. For said injury the state caused on November 7, 2009. See the states operative report ex: B-3.

20.) Which is the same material fact that the defendant George Washington University Hospital left out of the false statement it made of the plaintiff injury on May 6, 2020, all of which the defendants conduct was influenced by the injury caused to the plaintiff by the state on November 7, 2009. Insofar, the actions of the defendant on said date, are identical to the state's actions on November 16, 2009.

21.) Thus, there is a sufficiently close nexus between the actions of the Department of Corrections and Community Supervision for the state of New York and the challenged actions of the defendant George Washington University Hospital as to treat the hospital's actions as that of the state itself. Furthermore, it is the state's actions not the defendants' actions that are the subject of the plaintiff's complaint.

22.) There is no doubt as to whether the injury complained was caused by state activity on November 7, 2009, nor is there a doubt as to whether it was state activity that fraudulently concealed the same injury on November 16, 2009, and as required by the fourteenth Amendment of the U.S. Constitution the defendant George Washington University Hospital acted under color of state law upon making a false statement of that same injury on May 6, 2020.

23.) As a proximate consequence of the defendant George Washington University Hospital negligence as set forth hereinabove. The plaintiff was caused to suffer injury, intentional infliction of emotional distress, disregarded adequate medical care for a serious medical need as well as deprived of access to information crucial to his cause of action.

AS AND FOR A FIRST CAUSE OF ACTION
VIOLATION OF CIVIL RIGHTS

24.) Plaintiff repeats and reiterates all the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25.) The actions of the defendant George Washington University Hospital in making a false statement of a material fact, while knowing it to be false, made said with the intent to deceive the plaintiff thus causing the plaintiff to suffer injury, was conduct which occurred under color of state law, and said conduct deprived the plaintiff of rights, privileges, and immunities guaranteed by the fourteenth amendment of U.S. Constitution.

26.) As a result of the aforesaid violations of plaintiff's rights the plaintiff sustained injuries and damages previously described in this complaint.

27.) As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimum jurisdiction of this court from the defendant.

AS AND FOR THE SECOND CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.) Plaintiff repeats and reiterates all the allegations contained in paragraphs 13 through 27 as is fully set forth herein.

29.) The actions of the defendant in making a false statement of material fact while knowing it to be false, made said with the intent to deceive the plaintiff thus causing him to suffer injury, was outrageous and beyond any norms acceptable to society.

30.) As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

31.) As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimum jurisdiction of this court from the defendant.

AS AND FOR A THIRD CAUSE OF ACTION
NEGLIGENCE

32.) Plaintiff repeats and reiterates all the allegations contained in paragraphs 13 through 31 as if fully set forth herein.

33.)The defendant, their agents, servants and employees acted negligently, carelessly, and recklessly when making a false statement of material fact, while knowing it to be false made said with the intent to deceive the plaintiff thus causing the plaintiff to suffer injury.

34.) As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

35.) As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimum jurisdiction of this court from the defendant.

AS AND FOR A FOURTH CAUSE OF ACTION
FRAUD

36.) Plaintiff repeats and reiterates all the allegations contained in paragraphs 13 through 35 as if fully set forth herein.

37.) On or about the 6th of May in 2020, the defendant George Washington University Hospital made a false statement of a material fact, while knowing it to be false, made said for the purpose of inducing the plaintiff to rely on it, in which the plaintiff rightfully did so rely on and in the ignorance of its falsity was caused to suffer injury.

38.) As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

39.) As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimum jurisdiction of this court from the defendant.

WHEREFORE, plaintiff Victor Perkins demands compensatory damages in the amount that exceeds the minimum jurisdictional amount from the defendant in each of the four causes of action, along with attorney fees together with the cost and disbursement of this action.

Date: January 27, 2023.

District of Columbia

Signed and sworn to (or affirmed) before me on

01/23/2023 by VICTOR PERKINS
Date        Name(s) of Individual(s) making statement

Signature of Notarial Officer

NOTARY PUBLIC
Title of Office

My commission expires: 01/19/2028



**ROME**
MEMORIAL HOSPITAL
*Total commitment. Total care.*

PERKIN, ICTOR
Acct #:  1820989
MRN#:  000244500
DOB:  07/19/1975



RECEIVED
NOV 1 6 2009
By

### OPERATIVE REPORT

**All positive and important findings shall be reported.**

DATE OF OPERATION:  11/16/2009

## PREOPERATIVE DIAGNOSIS:

## FINAL DIAGNOSIS: FRACTURE MEDIAL MALLEOLUS OF THE LEFT ANKLE.

OPERATION:  Open reduction and internal fixation.

SURGEON:  R. Mitchell Rubinovich, MD

ASSISTANT:  Kevin Lynch, PA

ANESTHESIA:  General.

ANESTHESIOLOGIST:  Chau Fang Chen, MD

ESTIMATED BLOOD LOSS:

OPERATIVE PROCEDURE:  Under general anesthesia the left ankle was prepped and draped in the usual fashion.  A pneumatic tourniquet applied above the knee.  A straight medial incision was carried down over the malleolar area. The subcutaneous tissues were dissected. The fracture site was identified.  The medial malleolus was reduced anatomically, was helped provisional with two K-wires and then two 4-0 cannulated screws were drilled across using washers to compress the fracture site.  X-rays at this point were very satisfactory as was inspecting the fracture site itself.  The wounds were irrigated.  The deep tissues were closed with 0-Vicryl, the skin with staples. Sterile compressive dressings and a short leg cast was applied.  The cast was split in the OR to allow for swelling.  The patient will be seen again in six weeks time for cast removal.

R. Mitchell Rubinovich, MD

DATE/TIME   11/20/09 /3 U

dict: 11/16/2009 12:10:08
trans: 11/16/2009 15:02:31/jb
Voice ID#: 104538
cc:
Coxsackie Correctional Facility

1500 North James Street, Rome, New York 13440 •  (315) 338-7000

ORIGINAL CHART

3-3

Form 2104.1 (3/93)

Ref. Directives # 4944, 4004

SEC

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## USE OF FORCE REPORT  (cont'd)

There are _____ other
reports filed under this
Use of Force Log #

| Facility | Date & Time of Incident | Facility Use of Force Log # |
|---|---|---|
| JMCF | 11/7/09  8 | 09 - |
| Inmate Name Perkins, V. | DIN 99B1284 | If Unusual Incident, CCC Log # |

### Part B - Physical Examination / Treatment Report

Examiner's Name & Title  Zoe Kingsley RN          Date & Time of Examination  11/7/09  57a

Medical Report    (Indicate date & time of examination, describe extent of any injuries, and describe treatment provided)

① Ankle inner aspect, swollen, tender
Limping. Able to point & flex ankle
c some discomfort. No Rx. required
at this time. Will elevate & rest it
overnight.

Examiner's Signature and Date  Zoe Kingsley RN  11/7/09

### Part C - Review and Evaluation by Superintendent

Superintendent's Signature and Date          EX B-4

Distribution:  **Original - Superintendent**     **Copy - Guidance Unit file(s) of inmate(s) involved**

Form 2104.1 ADD (9/98)

Ref. Directives #4944, 4004

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

**USE OF FORCE REPORT  - PART B - ADDENDUM**

(21)

| FACILITY | GMCF | Date & Time of Incident | 11/7/09 | Facility Use of Force Log # | 09 — 153 |
|---|---|---|---|---|---|

| INMATE NAME | Perkins, V | DIN | 99B1284 | Cell Location | C 5-9. |
|---|---|---|---|---|---|

**PHYSICAL EXAMINATION/TREATMENT - DETAIL**

| EXAMINER'S NAME AND TITLE | Zoe Kingsley RN | Date & Time of Examination | 11/7/09 | 8ºº p |
|---|---|---|---|---|



① inner aspect of ankle, swollen, tender, limping, able to point + flex ankle c̄ some discomfort. No Rx required @ this time, pt. will elect to rest it overnight.

RX B-5

Zoe Kingsley, RN

EXAMINER'S SIGNATURE AND DATE

8:20 pm

CONFIDENTIAL

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**GREAT MEADOW CORRECTIONAL FACILITY**
INTERDEPARTMENTAL COMMUNICATION

~~ALLEGED FIGHT EXAM~~     *addendum to incident*
*on 9-7-09 PM*

NAME: _Perkins_     DIN: _99B1284_     CELL: _____

PROVIDER: _PI Nymith PA_     #: _805_     DATE: _11/9/09_     TIME: _12:45_ AM/~~PM~~



PUPIL

DORSAL
LEFT     RIGHT

DORSAL     FRONTAL

LEFT     RIGHT

PALMAR
LEFT     RIGHT

DORSAL     FRONTAL

**Above named inmate was examined for an alleged fight on this date and was found to have the following injuries:**

_fracture    left ankle_

_approx contusion    right ribs_

cc: Medical Chart - AHR Divider (original)
    Security (3)
    Nurse Administrator

GM005 (02/01)

EX B-6

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
INSPECTOR GENERAL'S OFFICE
REPORT OF INTERVIEW
INVESTIGATOR BERGMANN



NAME: Michael Brockley          Case #: ① 5/10

LOCATION: Great Meadow C.F.   DATE: 3/1/10   TIME: 3 ᵖ

DIN #: _____   UNION REP. Sgt Kline

I have been a Correction Officer 5 yrs.
My bid job is C-6.
On Nov-09, 2008 I was working my bid job.
I became involved because I was one of the
first officers in the area. I heard a commotion
and responded. The inmate was on top of Officer
Saunders choking him.
I grabbed the inmate by his shirt and pulled
him off of C.O. Saunders, he continued to resist
and I attempted to get to his feet. I grabbed
his legs by his ankles and pulled causing him
to fall back to the floor face first I then
applied a figure four hold and held the inmate
there until we could get a compliance. He was
still resisting while in the figure four.
Once he was cuffed we stood him up and
I was relieved.
I did not see how the use of force started.
At no time did I nor did I see anyone use
excessive force on this inmate

EXHIBIT

Brockley
Px    4/13/12

B-7

CONFIDENTIAL

# State of New York Department of Correctional Services
# Great Meadow Correctional Facility
## Interdepartmental Communication

(30)

To: Supt. LaValley

From: C.O. M. Brockley

Subject: Use of Force Inmate Perkins, V 99B1284

Date: 11-7-09

On the above date at approximately 7:25pm I assisted in restraining inmate Perkins 99B1284 due to assaulting staff. I grabbed the inmates shirt from the back and pulled rearward and away from Officer Saunders and forced him to the ground face first. The inmate continued to resist and struggle violently and was able to get back on his hands and knees. At this point I released my grasp of his back left side of his shirt and then using my left hand on his left ankle and my right hand on his right ankle pulled the inmates legs rearward causing him to fall face first on the floor. I then applied a figure four leg lock to prevent the inmate from trying to get up again. I maintained that hold until directed by Sgt. Fraser to release it. At this time I assisted the inmate back to his feet. No further force was used by me.

EXHIBIT

Brockley 2
4/23/12

CONFIDENTIAL

B-7

Respectfully Submitted,

M. Brockley
M. Brockley   C.O.

# ROME MEMORIAL HOSPITAL
1500 North James Street, Rome, New York 13440

## NURSE'S OPERATIVE NOTES

| | |
|---|---|
| Classification: ☑ | Verification Of: ☑ ID Bands ☑ Consent |
| ASA: ☑ | ☑ Time Out _125_ |
| Date: _11-16-09_ | Operating Room #: _1_ |
| Time In: _1140_ | Time Out: _1217_ |
| Incision @: _1156_ | Closed @: _1206_ |
| Anesthesia Start @: _1140_ | Finish @: _1217_ |

**ANESTHESIA**
☑ General ☐ Spinal
☐ Block ☐ Local
☐ MAC
ET-TUBE

ANESTHESIOLOGIST: _CHEN_

Drugs: _N/S IRRIGATION_

Skin Prep: ☐ Clippers ☐ Betadine Scrub ☑ Betadine Solution ☐ Dura Prep
☑ Chloraprep ☐ Other:

| | |
|---|---|
| SPECIMEN #: | ☐ None |
| SPECIMEN #: | ☐ None |
| SPECIMEN #: | ☐ None |
| CULTURES #: | ☐ None |

**ITEM LOCATIONS:**
EKG ELECTRODES ●
SAFETY STRAP =
ARM POSITION ◆
GROUND DEVICE ○
☐ SCD'S
☐ BAIR HUGGER
CAUTERY #
TOURNIQUET + ↑
_1154_

**PATIENT POSITION:**
☑ SUPINE
☐ PRONE
☐ LITHOTOMY
☐ LATERAL
☐ JACKKNIFE
☐ OTHER
☐ LATEX ALLERGY
_1207_

SURGEON: _ROBINOVICH_
ASSISTANT: _K. LYNZA PA_
SCRUB PERSONNEL: _D. BOARDMAN_
RELIEVED BY: ___
CIRCULATING NURSE: _HINTESSEN RN_
RELIEVED BY _M. ___ KONEBRUNNER - XRAY_
OTHER: _E. COLLINS DEL CO_
PRE-OP DIAGNOSIS: _DISPLACED FRACTURE_
_OF THE MEDIAL MALLEOLUS_
_LEFT SIDE_
OPERATIVE PROCEDURES: _OPEN_
_REDUCTION INTERNAL FIXATION_
_LEFT ANKLE E LOWER LEG_
_CAST_

POST OPERATIVE DIAGNOSIS: _SAME_

SKIN CONDITION @ OPERATIVE SITE:
☑ Intact ☐ Nicks ☐ Open Wound ☐ Abrasions ☐ Pustula
DRAINS: _#20 LFA BY DR CHEN IV SITE_
_BOVEN PATENT_

ATS: ☑ 3000 ☐ 500 Applied by _ROBIN___ set @ _400_ mm
Tourniquet Site: _WARM R CSM @ PEDAL PULSE_
Patient Discharged To: ☑ PAR ☐ ICU ☐ UNIT ☐ Other:

**NURSING NOTES/COMMENTS:** _PT AAO ADMIT OR WHEELCHAIR_
_SKIN WARM DRY RESP EASY MILDLY ANXIOUS_
_ASSURANCE GIVEN E CORRECT PERI-OP LESION_
_DONE WARM BLANKETS APPLIED STANDBY FOR_
_INDUCTION INTUBATION ASSIST E INTUBATION_
_PROCEDURE UNREMARKABLE PROCEDURE COMPLETE_
_TO PACU VIA STRETCHER IN STABLE CONDITION_
_ET-TUBE IN PLACE REVERT TO P. STRICKLAND RN_

IMPLANT/PROSTHETIC DEVICES:
IMPLANT VERIFICATION WITH SURGEON ☐
MANUFACTURER:
MODEL #:
LOT #:

| INTAKE | | OUTPUT | |
|---|---|---|---|
| IV: _5EU ANESTHESIA_ | | Urine: ___ | |
| _R-10 L-5_ Sponge Count: | ① 2 3 | Correct: ✓ | ☑ Instruments Sterised |
| _B-3 N-1_ Needle Count: | ① 2 3 | Correct: ✓ | ☐ Instruments Flashed Sterilized |
| Instrument Count: | | Correct: N/A | ☐ 10 Minutes ☐ 4 Minutes |
| Signature: _HiNesson_ _918_ | | | ☐ 10 Minutes ☐ 4 Minutes |
| | | Date/Time: _11/16/09 1217_ | |

**WHITE COPY**—Medical Records    **YELLOW COPY**—Physician    **PINK COPY**—Operating Room

NCR3-PK167-3S-2T-MR/3-08

D-2

7410009

Fake medical records

RECEIVED ㉒

1131 Form        Grievance     SEP 2 5 2012     9/23/2012

01734

SOUTHPORT GRIEVANCE

Name Victor Parkins     99-B-1284        Location C-10-9
                         ('Din)

On Sept 17, 2012 I received information, informing me that I have two cannulated screws, two washers, & plate on pins in my Left ankle. which contradicts everything I've been showed through x-rays and Medical records, by the Medical Department within the NYS Docs. and thats that I only have two screws in my ankle which I find hard to believe after receiving the information I received on Sept 17, 2012

So I'm grieving being showed False x-rays and False Medical records, about there only being two screws in my ankle when there was other Hardware as well.

C-3

FORM (2133)
STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

INMATE GRIEVANCE PROGRAM
SUPERINTENDENT RESPONSE

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| SPT-54734-12 | 9/25/2012 |

| FACILITY | CLASS |
|---|---|
| SOUTHPORT | I |

| TITLE OF GRIEVANCE | CODE |
|---|---|
| False Medical Records | 22 |

| SUPERINTENDENT'S SIGNATURE | SUPT. DATE |
|---|---|
| | 10/10/12 |

| GRIEVANT | Perkin, Victor | DIN.# | 99-B-1284 | HOUSING-UNIT | C-10-9 |
|---|---|---|---|---|---|

Cell Location at time of grievance:   C-10-9

**SUPERINTENDENT'S RESPONSE**

RECEIVED OCT 1 1

Grievance is Denied with Explanation:

Grievant's medical issue has been investigated by the facility's Nurse Administrator who has reviewed grievant's relevant medical records.

Offender Perkin is alleging "False medical records and x-rays." He states he received information on 9-17-12 but is not clear as to where the information was from and who provided this information. The NA is unable to determine the nature of this request. From the information the NA has available, surgery was done on 11-16-09 at Rome Memorial Hospital. This was an Open reduction and internal fixation of the left ankle. The operative report states they "Used two K-wires, two 4-0 Cannulated screws with washers to compress the fracture." There is no mention of a "Plate" in this operative report. The x-ray reports on 12-24-12 following the surgical procedure, per Dr. Rubinovich "Show excellent healing in excellent position and very satisfactory." The last x-ray the NA shows is on 8-16-10 which references "Two screws and symmetrical ankle Mortice." There is no other information in the record. Dr. Canfield has reviewed this grievance and verified the results as above. He states, "There is no need to have new x-rays to verify what is already identified." No further action is required at this time.

If grievant has further information about his medical condition, he should be sharing this with his medical providers.

The Superintendent upholds the recommendation of the IGRC for the reasons stated.     SENT

OCT 11 2012

SOUTHPORT GRIEVANCE

---

If you wish to refer the above decision of the Superintendent, please sign below and return to the Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. An exception to the time limit may be requested under Directive 4040, Section 701.6(g).  Please state why you are appealing this decision to CORC.

I am appealing to the corc to exhaust my administrative remedies

| Victor Perkins | 10/11/12 |
|---|---|
| Grievant's Signature | Date |

D-1

| | |
|---|---|
| Grievance Clerk's Signature | Date |

Medical reeves                    RECEIVED ~~22~~

131 Form                    Grievance        OCT 18 2012        10/16/12

                                              5 i952
                                        SOUTHPORT GRIEVANCE

Name   Victor Perkins      99-B-1284 (Din)      Location C-1D-9

On 10/13/12 while examining My Left ankle. I pushed Down on what I thought was My Medial Malleolus Bone and it sunk in and took at Least three (3) Minute's to rise back up. Bone wouldn't sank in when pushed Down on. i.e., why I have come to the consummation that My Medial Malleolus Bone was surgically removed from my — ankle on 11/16/09 - at Rome Memorial Hospital.

the above Information has clearly apodictic (proven) that: ① the 11/16/09 operative report which announce's that two screws were Medial Malleolus is Mendacious. because the Medial Malleolus was surgically removed on 11/16/09. ② the 8/16/10 x-ray which shows two screws drilled within My Medial Malleolus pinning it Back onto My tibia is Molto Molto Mendacious. because the Medial Malleolus was surgically removed on 11/16/09.

                              which is why I'M grieving. For three year's I've Been told through Medical reports an showed through x-rays that My Medial Malleolus is still in My ankle when it has been removed.

D-3



H-1



H-1



4-1



H-1

Medical resenes                    RECEIVED  22

2131 Form              Grievance        OCT 18 2012        10/16/12
                                        5:952
                                  SOUTHPORT GRIEVANCE
Name  Victor Perkins      99-B-1284          Location C-10-9
                           (DIN)

on 10/13/12 while examining My Left ankle. I pushed Down on what
I thought was My Medial Malleolus Bone. and it sunk in and took
at Least three(3) Minute's to rise back up. Bone wouldn't sank in
when pushed Down on. i.e., why I have come to the consummation
that My Medial Malleolus Bone. was Surgically removed From My —
ankle on 11/16/09 at Rome Memorial Hospital.

the above Information has Clearly apodictic (proven) that. ① the
11/16/09 operative report which announce's that two Screws were
Medial Malleolus is Mendacious. because the Medial Malleolus was
Surgically removed on 11/16/09. ② the 8/16/10 x-ray which Shows two
Screws drilled within My Medial Malleolus pinning it Back onto
My tibia is Molto Molto Mendacious. because the Medial Malleolus
was Surgically removed on 11/16/09.

                          which is why I'M grieving.
For three year's I've Been told through Medical reports
an Showed through X-rays that My Medial Malleolus is
still in My ankle when it has been removed.

D-3

PERKIN, V    99B1284    CLINTON

| | Grievance Number | Desig./Code | Date Filed |
|---|---|---|---|
| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | SPT-54952-12 | I/22 | 10/18/12 |
| | Associated Cases | | |
| | Facility Southport Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Medical Issues | | |

3/13/13

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant's department medical records indicate that he has surgical screws at the malleolus level, however, they do not indicate that the screws are in the medial malleolus bone, as alleged.  Further, CORC advises that grievant that his specific surgical records are at Rome Memorial Hospital.  It was noted that there was no recommendation to repeat x-rays of this area at this time.

jad
-----------------------------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------------------------

This document has been electronically signed by JEFFERY A. HALE

rkins , Victor

001000000342271

ries: 1

DB: 19-Jul-1975 34



150 mm

W:2800 L:2499
Filter:None Fact:(

E-1.

**GWU- George Washington University Hospital**
**900 23rd Street, NW**
**Washington, DC 20037**
**http://www.gwhospital.com/**
**(202) 715-4000**

**Name: PERKINS, VICTOR NATHANIEL**
**Age: 44 Years Date of Birth: 07/19/75**
**MRN: GWU4683182 FIN: GWU0000137870325 Arrival Time: 05/06/20 08:37:00**
**Diagnosis: Ankle sprain**
**Emergency Department Care Team:**
***Provider:*** ED MD, Staff Physician

The Emergency Department physician has reviewed the information that you have provided concerning medications that have been prescribed previously and found there to be no conflict with any therapy recommended by the Emergency Department physicians. Unless instructed by the Emergency Department physician to discontinue specific medications, you should continue medications prescribed by your regular doctor and follow-up with your doctor or with the physician/facility recommended by the ED as appropriate.

If you plan on operating a motor vehicle or using any dangerous equipment within the next several hours, please check with your physician or nurse to make sure that none of the medicines that you received in the Emergency Department could interfere with your performance of these tasks.

The physicians and staff of the GW Hospital encourage you to lead a healthy lifestyle. If you smoke, we strongly urge you to quit. Contact your local American Lung Association for additional information.
If you don't have a Primary Care Physician (PCP) or need a Specialist, one may have been assigned for follow up. If you would like assistance contacting them, or to explore other Physicians that better fit your needs, please call the Referral and Registration Center, (888) 449-3627 to be put in touch with a different PCP.

**Allergies:**
penicillin

**Vaccination/Immunologic Information**

**Prescriptions Given to Patient/Caregiver(s):**

| What | How Much | When | Instructions | Next Dose |
|------|----------|------|--------------|-----------|
| ibuprofen (ibuprofen 800 mg oral tablet) **Prescription Printed** | 800 mg By Mouth | 3 Times a Day | | |

G-3

Patient Name: PERKINS, VICTOR NATHANIEL
MRN: GWU4683182                    FIN: GWU0000137870325                    05/6/2020 11:53:00

**THE GEORGE WASHINGTON UNIVERSITY HOSPITAL**
***NON-NARCOTIC ORDERS ONLY***

|  |  |  |
|---|---|---|
| Telephone (202) 715-4000 | 900 Twenty-third Street, N.W.<br>WASHINGTON, D.C. 20037 | D.C. Medicaid (check)<br>☐ Inpatient   0104320<br>☐ E. R.        0304320 |

4310
Name _Victor Perkins_ Date _5/6_
Address _1355 New York Ave NW Wash. DC 20002_

℞

ankle pain (L)

PT eval and treat

Label as to Contents
☐ Yes      No ☐

REP. 0-1-2-3-PRN

DEA No. .......................

79-1499 (09/07)

Print Name _Melissa Maloof_ M.D.

Sig ............................ M.D.

GWUH No. **00298160**

***NON-NARCOTIC ORDERS ONLY***

G - 3



G-3



G-3