UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR PERKINS, <br><br> *Plaintiff*, <br><br> v. <br><br> GEORGE WASHINGTON UNIVERSITY HOSPTIAL <br><br> *Defendant*. | Civil Action No. 1:22-cv-003506 (CJN) |

**ORDER**

Pro se plaintiff Victor Perkins sued George Washington University Hospital, alleging that the hospital showed him a fraudulent X-ray image of his leg in order to conceal an alleged decade-old government wrongdoing. His complaint does not establish any plausible theory for relief, so the Court GRANTS Defendant's motion to dismiss.

**I.**

Perkins alleges that back in 2009, prison officers "assaulted" him, causing him to "suffer[] a fracture to his left medial malleolus bone." Am. Compl. ¶ 6, ECF No. 3. As a result, he underwent surgery. The doctor and hospital that performed the surgery informed Perkins via an "operative report" that two screws with washers were used to "pin the plaintiff's medial malleolus bone back onto his lower left tibia bone." *Id.* ¶ 8. Perkins claims that this was a lie because, in reality, his bone was removed and replaced. *Id.* ¶¶ 7, 19. His evidence is his experience in 2012, when he "exerted pressure to what appeared to be his medial malleolus bone" and the "medial malleolus area began to indent." *Id.* ¶ 11. He also points to a document from the hospital that he appears to claim contradicts the operative report. *Id.* ¶ 15.

In 2016, Perkins received an X-ray at another hospital, which apparently showed no missing bone and corroborated the first hospital's representations. *See* Compl. ¶ 14, ECF No. 1. In 2017, he got another X-ray at another hospital which showed the same thing. Compl. ¶ 16. Ditto in 2018. Compl. ¶ 17.[1] Finally, in 2020 he went to Defendant, George Washington University Hospital. The X-ray he received there showed the same thing as the first four: No missing bones replaced by plates. Compl. ¶ 18; Am. Compl. ¶ 16.

Perkins then sued George Washington University Hospital for showing him allegedly fraudulent X-ray images that showed no missing bone, claiming a scheme to cover up the initial wrongdoing by the prison officers back in 2009. The hospital moved to dismiss.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts must accept as true all factual allegations in a complaint, the same deference is not owed to legal conclusions. *Id.* Plaintiffs therefore cannot rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Nor are courts "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

---

[1] These allegations about other X-rays appeared in Perkins' initial complaint but disappeared in his amended complaint. The allegations about his other X-rays can be considered here because the amended complaint "merely omits [this] previously-pled material information that harms Plaintiff's case" which can be "appropriately characterized as judicial admissions that Plaintiff has not cured." *Jackson v. Loews Hotels*, No. 18-cv-827, 2019 WL 6721637 (C.D. Cal. July 24, 2019). In any event, the result in this case would be the same even if the Court did not consider these previously-pleaded allegations.

Perkins raises several state and federal claims. But what is important is that all of them turn on the X-ray images' veracity. Thus, if Perkins has not pleaded facts rendering it plausible that George Washington University Hospital's X-ray images were inaccurate, then he has not plausibly alleged any wrongdoing on the part of the hospital, and his case cannot survive the motion to dismiss.

It is not plausible that the X-ray images were false. Perkins' initial complaint itself pointed to four X-rays at four different hospitals all showing the same thing as Defendant's. And even focusing only on the allegations in his amended complaint, Perkins alleges no facts supporting a plausible theory for why Defendant would falsify his X-ray.

Nor can the factual allegations Perkins relies on to claim that his bone was removed drag his claims into the realm of plausibility. First, Perkins alleges that he created an "indent" when he "exerted pressure to what appeared to be his medial malleolus bone." Am. Compl. ¶ 11. But he pleads no facts indicating why that supports a reasonable inference that Defendant's X-ray was false. Second, Perkins points to a document he received from the first hospital, which he says corroborates his story. *Id.* ¶ 15 (citing Ex. D-2). But reading that document, which Perkins attached to his amended complaint, the Court cannot discern anything to suggest that Perkins' medial malleolus bone was removed or that Defendant's X-ray images were in any way inaccurate. *See* Am. Compl, Ex. D-2. To the contrary, that document indicates that Perkins underwent an "open reduction [and] internal fixation," *id.*, which is a term generally used to refer to the repositioning and reconnecting of bones—not their removal, Johns Hopkins University Medicine, *Ankle Fracture Open Reduction and Internal Fixations*, https://tinyurl.com/9p5f52hz.

Thus, none of Perkins' claims can survive the motion to dismiss.

Defendant's motion to dismiss, ECF No. 4, is therefore GRANTED and the case is DISMISSED without prejudice. Perkins has already filed one amended complaint. If he wishes to file another and attempt to cure the above referenced deficiencies, he must attempt to do so within 30 days of the issuance of this order.

DATE:  March 29, 2024

CARL J. NICHOLS
United States District Judge